UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00053-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THERESA COLE,

        Defendant.

---

**ORDER DENYING MOTION FOR JUDGMENT
OF ACQUITTAL OR A NEW TRIAL**

---

THIS MATTER comes before the Court on Defendant Theresa Cole's Motion for Judgment of Acquittal or, in the Alternative, a New Trial **(#71)**, to which the Government responded **(#78)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 18 U.S.C. § 3231.

### II. Introduction

A jury trial was held between April 16 and 19, 2007, on charges asserted against Ms. Cole in a Superseding Indictment **(#39)**. Specifically, Ms. Cole was charged with disposing of a firearm and ammunition to a person she knew to be a felon, in violation of 18 U.S.C. § 922(d)(1) (Count 1); making a false statement to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6) (Count 2); and making a false statement in the records of a federal firearms dealer, in violation of

18 U.S.C. § 924(a)(1)(A) (Count 3).  The false statement charged in Counts 2 and 3 was Ms. Cole's statement to the firearms dealer that she was the actual buyer of the firearm, and that she was not purchasing the firearm on behalf of another person.

When the Government finished presenting its case-in-chief, Ms. Cole moved for a judgment of acquittal on all three counts.  Based solely upon the evidence presented by the Government during its case-in-chief, the Court granted the motion as to Count 1.  However, the Court denied the motion as to Counts 2 and 3 because a jury could reasonably infer that when Ms. Cole purchased the handgun, she was buying the handgun for someone other than herself, knew her statement to the contrary was false, and made the statement with the intent to deceive the firearms dealer in order to consummate the sale of the handgun.  The jury subsequently returned a verdict against Ms. Cole, finding her guilty on Counts 2 and 3.

Ms. Cole now moves for a judgment of acquittal or for a new trial.  Citing *United States v. Goode*, _ F.3d. _, 2007 WL 1113957 (10th Cir. Apr. 16, 2007), she moves for a judgment of acquittal is based "on non-specific grounds."  She also moves for a new trial based upon statements made by Government counsel during closing arguments, the Government's failure to elicit specific testimony during its case-in-chief, an alleged inadequacy in Jury Instruction No. 13, and alleged prejudiced caused by the jury's initial receipt of the Superseding Indictment which referred to Count 1.  The Government opposes Ms. Cole's motion in all respects.

### III. Issue Presented

There are two issues presented.  The first is whether the Court should enter a judgment of acquittal on Counts 2 and 3.  If not, then the second issue is whether the Court should order a new trial.

## IV. Motion for Judgment of Acquittal

Ms. Cole moves for a judgment of acquittal under Fed. R. Crim. P. 29. Rule 29(a) provides, in relevant part:

> [A]fter the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. . . .

When a defendant moves for a judgment of acquittal under this rule, the Court views the evidence in the light most favorable to the Government in determining if there is substantial evidence from which a jury could find the defendant guilty beyond a reasonable doubt. *See United States v. Austin,* 231 F.3d 1278, 1283 (10th Cir. 2000). Evidence is sufficient to support a conviction if, in light of the direct and circumstantial evidence presented, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000). However, the Court does not weigh the evidence or consider the credibility of the witnesses in making its determination. *See Austin,* 231 F.3d at 1283. The Court should direct a verdict in favor of the defendant only if no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See id.*

Ms. Cole's motion for a judgment of acquittal is non-specific, points to no insufficiency in the evidence, and makes no particular claim of error. The Court previously denied Ms. Cole's motion for judgment of acquittal premised solely upon the evidence in the Government's case-in-chief, which was sufficient for a reasonable jury to convict Ms. Cole on Counts 2 and 3. The instant motion offers no reason why the Court's ruling should be any different upon consideration of all of the evidence presented at trial. Therefore, the Court incorporates by reference its oral ruling on Ms. Cole's mid-trial motion for a judgment of acquittal. For precisely the same reasons,

the Court concludes that the evidence presented at trial is sufficient to sustain Ms. Cole's convictions.

## V.  Motion for New Trial

Ms. Cole alternatively moves for a new trial under Fed. R. Crim. P. 33(a), which provides in relevant part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires[.]"  Unlike with a motion for a judgment of acquittal, when considering a motion for a new trial, the Court may weigh the evidence and assess the credibility of witnesses.  *See United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).  However, motions for a new trial are disfavored and rarely granted.  *See id.*

Ms. Cole's motion for a new trial is based upon four categories of alleged error.  The first category consists of four statements made by Government counsel during closing arguments. Ms. Cole does not identify Government counsel's specific statements, but objects to:

1. Argument that Ms. Cole made a false statement when purchasing the firearm because Derrick Tarrant probably possessed the handgun since he lived with Ms. Cole.

2. Argument that Ms. Cole made a false statement when purchasing the firearm because the firearm was used in a robbery, the firearm was recovered from Stephen Hunt's storage locker, and Stephen Hunt was a friend of Ms. Cole and her former boyfriend Derrick Tarrant.

3. A reference to evidence concerning Count 1.

4. A reference to Exhibit 35, which was not admitted into evidence.

The second category is the Government's alleged failure to elicit testimony during its case-in-chief that Ms. Cole had no involvement in the robbery of Key Bank which occurred on January 12, 2005.  The third and fourth categories both relate to the judgment of acquittal entered by the

Court on Count 1. Specifically, Ms. Cole believes that Jury Instruction No. 13, which directed the jury not to consider Count 1, was insufficient. She also believes that she was prejudiced because the jury had already received a copy of the Superseding Indictment which included Count 1. Finally, she contends that the jury's verdict was against the weight of the evidence.

**A. Government Counsel's Closing Argument**

A motion for a new trial based upon allegedly improper statements made by a prosecutor during closing arguments is in many ways akin to a post-trial motion for a mistrial. In evaluating claims that a prosecutor made improper comments during closing argument, the Court first determines whether the prosecutor made an improper comment. *See United States v. Pulido-Jacobo*, 377 F.3d 1124, 1133 (10th Cir.), *cert. denied*, 543 U.S. 1030 (2004). If so, then it examines whether the improper comment impaired the defendant's constitutional right to a fair and impartial trial within the context of the entire case. *See id.; see also United States v. Gabaldon*, 91 F.3d 91, 94 (10th Cir. 1996).

In this case, determining whether Government counsel made improper statements during closing argument has been a difficult task, for two reasons. First, Ms. Cole has not specifically identified the statements to which she objects. Second, she made no contemporaneous objections to Government counsel's arguments. Therefore, the Court has read the entire transcript of Government counsel's closing argument to determine which statements fit Ms. Cole's objections.

With regard to her first objection, it appears that Ms. Cole objects to the following statements by Government counsel:

> She [Ms. Cole] takes it [the handgun] home, according to her, and has it at her house. And who is she living with? Derrick Tarrant. And does she know that he's been convicted of a felony? She tells

5

> you when she testifies – she gives you the exact date he got out of
> prison. She tells you it's August 7 of 2000. . . .
>
> But when you use your reason and common sense, what she tells
> you doesn't make any sense. She buys a gun for self protection,
> she reads the form, she takes the gun home to someone that she
> knows can't have the gun. She tells you from the witness stand that
> Derrick Tarrant knew that the gun was there. Whether or not there
> is any evidence that Derrick Tarrant or somebody else possessed
> that gun, precisely who it was, I'll just leave to you, given all the
> evidence you heard[.]

If these are the statements to which she objects, then they are not statements that Derrick Tarrant probably possessed the handgun. To the contrary, they are fair comments upon circumstantial evidence that Ms. Cole intended to buy the handgun for Mr. Tarrant rather than for herself. Government counsel may properly comment on the evidence and the inferences to be drawn therefrom. *See United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005); *see also Hooper v. Mullin*, 314 F.3d 1162, 1172-73 (10th Cir. 2002).

In her second objection, it appears that Ms. Cole is referring to the following statement by Government counsel:

> [T]he evidence there indicates . . . that Stephen Hunt committed
> that bank robbery . . . definitely with somebody helping him, maybe
> Derrick Tarrant, maybe not. No. But use your common sense.
> What does the defendant tell you? Says that these guys are friends,
> they're hanging together[.]

Presumably, Ms. Cole objects to this statement because the Court entered a judgment of acquittal on Count 1. However, the statement was fair comment upon the evidence as it related to Counts 2 and 3. Evidence that Stephen Hunt was friends with Derrick Tarrant, and that Mr. Hunt possessed the gun and used it in a bank robbery, while not sufficient to support Count 1, was corroborative of testimony that Ms. Cole told FBI agents that she bought the gun for Derrick

6

Tarrant.

Ms. Cole's third objection to the Government's reference to evidence concerning Count 1 is too inspecific for the Court to address.

Ms. Cole's fourth objection pertains to the following statement by Government counsel: "[S]ome of the documents that were referred to during the course of the trial – Exhibit 35, for example, which was the memorandum of interview of Ms. Cole –  is not in evidence, so it's not something that you will have.  You will have to rely upon the testimony and the exhibits that . . . were admitted."  Such statement was a correct statement of the law.  It was also a correct statement of the record, because Exhibit 35 was referred to repeatedly during the trial.  Therefore, it was not improper.

## B. Failure to Elicit Testimony

Ms. Cole contends that the Government failed to elicit testimony during its case-in-chief that she did not participate in the robbery of the Key Bank on January 12, 2005.  The Government responds that Agent Delap testified that Ms. Cole did not participate in the robbery.[1]

Agent Delap testified on direct examination that according to witnesses, there was no one other than two black males involved in the robbery.  He testified on cross-examination that there was no evidence that Ms. Cole was involved in the robbery.  Therefore, this claim of error is unsupported by the record.

---

[1] The Government cites to Volume 2, page 76, of the transcript.  However, the pertinent testimony appears on pages 52 and 78.

**C. Objection to Jury Instruction No. 13 and Superseding Indictment**

Ms. Cole contends that Jury Instruction No. 13 was insufficient to address the Court's judgment of acquittal on Count 1. Jury Instruction No. 13 stated: "Count 1 is no longer subject to your consideration. Do not be concerned by differences between the Superseding Indictment and these concluding instructions and the verdict form." She also contends that she was prejudiced because the jury was initially provided a copy of the Superseding Indictment, which contained a reference to Count 1.

The Court rejects both of these contentions. First, Ms. Cole failed to object to Jury Instruction No. 13 before it was read to the jury. Indeed, when the Court suggested that this instruction be incorporated into Instruction No. 12, Ms. Cole's counsel asked that it be given in a separate instruction. Second, this instruction, combined with Jury Instruction No. 12, cured any prejudice to Ms. Cole which might have been caused by the jury's receipt of the Superseding Indictment. Jury Instruction No. 12 specifically instructed the jury that an Indictment is not evidence. The Court presumes that the jury followed these and all other instructions. *See Bland v. Sirmons*, 459 F.3d 999, 1015 (10th Cir. 2006).

**D. Weight of the Evidence**

Ms. Cole summarily argues that she should be given a new trial because the jury's verdict was against the weight of the evidence. Like the arguments made in support of her request for a judgment of acquittal, this argument is non-specific and highlights no specific evidence in the record. Having considered the record, the Court disagrees with Ms. Cole. If the jury believed the testimony of Agents Delap and Grusing, and disbelieved the testimony by Ms. Cole, then its verdict is consistent with the weight of the evidence.

**IT IS THEREFORE ORDERED** that Defendant Theresa Cole's Motion for Judgment of Acquittal or, in the Alternative, a New Trial **(#71)** is **DENIED**.

Dated this 18th day of May, 2007

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge